IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES L. FREEZE,              )
                                )
           Plaintiff,           )
                                )
     v.                         )  CIVIL NO. 1:05CV219
                                )
VA MEDICAL CENTER,              )
                                )
           Defendant.           )

MEMORANDUM OPINION

BULLOCK, District Judge

Defendant has filed a motion to dismiss this case in which the Plaintiff, a frequent pro se litigant in this court, has filed a claim seeking the payment of accrued retirement benefits allegedly due him following his termination from employment by the Defendant in January 1994. In an order dated October 5, 2005, the court deferred ruling on Defendant's motion and directed the Defendant to submit any supporting documentation, to the extent it remained available, in support of Defendant's position that Plaintiff's accrued retirement funds, in the amount of $10,689.78, were paid to him in September 1994.

Defendant has attached the declaration of the Program Manager at the Retirement Operations Center in the United States Office of Personnel Management ("OPM") stating that accrued retirement benefits in the amount of $10,689.78 were released to

the Plaintiff at the address he provided through counsel.
Business records attached support Defendant's position. The
declaration also states that because the Department of Treasury
maintains copies of negotiated checks only for a period of six
years, a photocopy of a check issued in 1994 is not available.

Plaintiff offers no support for his present contention that
he did not receive his refund payment, and it is not reasonable
to believe that an unreceived refund requested over ten years ago
through counsel has only recently come to the attention of the
payee. It does not appear that Plaintiff made any attempt to
contact any agency concerning the alleged non-receipt of the
refund check until 2003. Plaintiff does not contend and the
records do not indicate that he filed a report of non-receipt
with the Office of Personnel Management, nor do records indicate
that the Treasury notified OPM that the check was returned.

In response to the Defendant's declaration and supporting
documentation, Plaintiff simply replies that the declarant does
not have any personal knowledge that Plaintiff received the
accrued retirement benefits. However, the Defendant's business
records provide strong evidence that the benefits were released
to the Plaintiff. Because of the passage of time before
Plaintiff raised the issue, U.S. Treasury records of payment are
not available. Plaintiff's own lack of diligence in unreasonably
delaying in pursuing his claim has prejudiced Defendant in its

2

ability to provide conclusive documentation that Plaintiff negotiated his refund check.  Equitable balancing of Plaintiff's delay with prejudice to the Defendant clearly favors the Defendant under these circumstances.  Thus the doctrine of <u>laches</u> bars Plaintiff's claim.  <u>See</u> <u>White v. Daniel</u>, 909 F.2d 99, 102 (4th Cir. 1990).

   The court has granted Plaintiff additional time at his request to furnish supporting evidence of his claim.  Plaintiff has responded only with his own unsupported allegations.  Because the court has provided notice to the Plaintiff that he may present proof of his claims, and because the court has considered matters outside the pleadings, Defendant's motion to dismiss will be treated as a motion for summary judgment, Federal Rule of Civil Procedure 56(b), and will be granted.  Plaintiff's complaint is also subject to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i) also provides a basis for dismissal.

   An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

December 29, 2005                     _____
                                      United States District Judge